UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00363-RJC-DCK

| KENNETH E. DUNLAP, JR., | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) ORDER |
| CHARLOTTE MECKLENBURG POLICE DEPARTMENT et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on the Motions to Dismiss filed by the North Carolina Department of the Secretary of State (Doc. No. 12) and the City of Charlotte (Doc. No. 21).[1] For the reasons below, those Motions are **GRANTED**.

I. BACKGROUND

Kenneth E. Dunlap, Jr., proceeding pro se, filed this lawsuit against the Charlotte-Mecklenburg Police Department, Atrium Health Carolinas Medical Center, the North Carolina Department of the Secretary of State, and Charlotte's Office of the City Attorney.

Dunlap's Complaint is difficult to decipher. It appears that he was involuntarily hospitalized in July 2015. Compl. at 7, Doc. No. 1. He claims that he was assaulted during his stay in the hospital, and he says the hospital engaged in a cover up when he requested an investigation. *Id.* at 9. After he filed a police report about the incident, he received "no communication" before he was told that his report "couldn't be found." *Id.*

---

[1] The City of Charlotte filed its Motion to Dismiss on behalf of the Charlotte-Mecklenburg Police Department and the Office of the City Attorney, which are departments of the City. Def.'s Mem. Supp. 1, 8, Doc. No. 21-1. Under North Carolina law, departments of a municipality "cannot be sued as entities." *Smith v. Munday*, 848 F.3d 248, 256 (4th Cir. 2017).

Dunlap says he has also complained to the police about "harassment" and "death threats" that he received from "local police" and "random strangers." *Id.* at 8. Those complaints have allegedly been met with "the cold shoulder." *Id.*

According to his Complaint, Dunlap filed two lawsuits in state court on November 19, 2019. *Id.* at 9. It appears that he was successful in neither. In one, he says he was "railroaded in a conspiracy style intentional infliction of emotional distress attack." *Id.* at 9–10. He also complains that he was never told about an arbitration hearing that was held. *Id.* at 10. Following his state-court litigation, he says his "files at the courthouse" underwent "tampering." *Id.* He believes that "the state of North Carolina as well as the White House" are "monitoring things." *Id.*

Finally, it appears that Dunlap has attempted to buy a gun and has sought a concealed-carry permit, apparently unsuccessfully. *Id.* at 7–8.

## II.  DISCUSSION

Dunlap asserts claims under 42 U.S.C. § 1983. Compl. at 3, Doc. No. 1. With no explanation, his Complaint also lists a number of legal provisions: 8 U.S.C. 1324c, 49 C.F.R. § 1570.5, 18 U.S.C. § 1519, 18 U.S.C. § 1510, 18 U.S.C. § 241, and 18 U.S.C. § 245. *Id.* at 7.

Dunlap requests punitive damages. *Id.* at 5. He also asks the Court to "investigate each one of [his] situations." *Id.* Specifically, he asks the Court to "look into [his] original lawsuit," the "default judgement [sic] case that was officiated by Judge Tyyadi Hands," the "case after where [J]udge McKnight dismissed it," and "the [a]rbitration hearing that was set for" May 20, 2021. *Id.*

Even liberally construing Dunlap's claims, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), they fail for several reasons.

### A.  Eleventh Amendment Immunity

Under the Eleventh Amendment, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the

2

United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. A state is entitled to Eleventh Amendment immunity when it is sued in federal court by one of its own citizens. *Edelman v. Jordan*, 415 U.S. 651, 662–663 (1974); *Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 253 (2011); *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 479 (4th Cir. 2005). The Eleventh Amendment thus "bars all claims by private citizens against state governments and their agencies, except where Congress has validly abrogated that immunity or the state has waived it." *Passaro v. Virginia*, 935 F.3d 243, 247 (4th Cir. 2019).

The North Carolina Department of the Secretary of State is an executive agency of the State of North Carolina. N.C. Gen. Stat. § 143A-19. So the Department is immune from Dunlap's suit under the Eleventh Amendment.

### B. *Rooker-Feldman*

The *Rooker-Feldman* doctrine recognizes that United States district courts lack subject-matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002) ("The *Rooker-Feldman* doctrine merely recognizes that 28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments, which Congress has reserved to this Court." (citation omitted)). Thus, as a general matter, a district court lacks jurisdiction to "pass upon the merits of" a state-court decision, and a district court generally cannot "take action that would render [a state-court] judgment ineffectual." *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997).

Dunlap asks this Court to "review" several decisions made by state courts in his previous lawsuits. *Jordahl*, 122 F.3d at 203; *see* Compl. at 5, Doc. No. 1. Such review is "prohibited under *Rooker-Feldman*." *Jordahl*, 122 F.3d at 203.

### C. Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) "'challenges the legal sufficiency of a complaint,' including whether it meets the pleading standard of Rule 8(a)(2)." *Fed. Nat'l Mortg. Ass'n v. Quicksilver LLC*, 155 F. Supp. 3d 535, 542 (M.D.N.C. 2015) (quoting *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009)). A complaint attacked under Rule 12(b)(6) will survive if it contains enough factual matter "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). An allegation is facially plausible if it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specific facts are not necessary, and the statement need only "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (alteration omitted). Additionally, when ruling on a motion to dismiss, a court "should view the complaint in a light most favorable to the plaintiff," *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), and it must accept the complaint's factual allegations as true, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). And at the motion-to-dismiss stage, "[c]ourts cannot weigh the facts or assess the evidence," though "a complaint entirely devoid of any facts supporting a given claim cannot

4

proceed." *Potomac Conf. Corp. of Seventh-Day Adventists v. Takoma Acad. Alumni Ass'n, Inc.*, 2 F. Supp. 3d 758, 768 (D. Md. 2014) (emphasis omitted).

As an initial matter, Dunlap's Complaint does not contain any allegations against the Charlotte-Mecklenburg Police Department, the North Carolina Department of the Secretary of State, or the Office of the City Attorney. The Complaint does not give those Defendants "fair notice of what the claim[s] [are] and the grounds upon which [they] rest[]." *Twombly*, 550 U.S. at 555 (alteration omitted). It therefore fails to state a plausible claim against them.

42 U.S.C. § 1983 allows individuals to "sue state and local officers for deprivations of constitutional rights." *Thompson v. Clark*, 142 S. Ct. 1332, 1336–37 (2022); *see* 42 U.S.C. § 1983 (creating liability for every "person" who, under "color" of state law, subjects "any citizen of the United States" to a "deprivation" of federal rights). The Supreme Court has held that "a State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). Thus, even if the North Carolina Department of the Secretary of State lacked Eleventh Amendment immunity, it could not be sued under § 1983.

To hold the City of Charlotte[2] liable under § 1983, Dunlap would have to show that the City "follows a custom, policy, or practice by which local officials violate . . . constitutional rights." *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 402 (4th Cir. 2014) (citing *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978)). But Dunlap has not alleged that any of his constitutional rights were violated. So he has pleaded no basis for municipal liability under § 1983. *See Grayson v. Peed*, 195 F.3d 692, 697 (4th Cir. 1999) ("As there are no underlying constitutional violations by any individual, there can be no municipal liability."); *Haughie v. Wexford Health*

---

[2] The Charlotte-Mecklenburg Police Department and the Office of the City Attorney are departments of the City of Charlotte. As noted above, departments of a municipality cannot be sued as entities. *Smith*, 848 F.3d at 256.

5

*Sources, Inc.*, 2020 WL 1158568, at *16 (D. Md. Mar. 9, 2020) ("[B]efore determining whether a plaintiff has established a claim for municipal liability under *Monell*, the court must first 'determine whether the complaint states a claim for a predicate constitutional violation.'" (quoting *Baker v. Dist. of Columbia*, 326 F.3d 1302, 1306 (D.C. Cir. 2003))).

Dunlap also fails to identify an unconstitutional "custom, policy, or practice" employed by the City. *Owens*, 767 F.3d at 402; *see Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("[U]nder § 1983, local governments are responsible only for their *own* illegal acts. They are not vicariously liable under § 1983 for their employees' actions." (internal quotation marks and citations omitted)). Dunlap alleges no "deficiencies in police training policies that result[ed] from policymaker fault of at least the degree of deliberate indifference to or reckless disregard for the constitutional rights of persons within police force jurisdiction." *Spell v. McDaniel*, 824 F.2d 1380, 1390 (4th Cir. 1987). Nor does he allege that the City failed "to put a stop to or correct a widespread pattern of unconstitutional conduct." *Owens*, 767 F.3d at 402 (quoting *Spell*, 824 F.2d at 1389). At most, he alleges only "[s]poradic or isolated violations" of unspecified rights. *Id.* at 403. But such allegations "will not give rise to [municipal] liability." *Id.*

"[T]he substantive requirements for establishing municipal liability for police misconduct are stringent indeed." *Spell*, 824 F.2d at 1391. And although "simply alleging such a claim is, by definition, easier," *Owens*, 767 F.3d at 403, Dunlap's allegations fail to plausibly plead a claim of municipal liability, even when construed liberally under the lenient pleading standard.

As mentioned earlier, Dunlap's Complaint lists six legal provisions: 8 U.S.C. 1324c, 49 C.F.R. § 1570.5, 18 U.S.C. § 1519, 18 U.S.C. § 1510, 18 U.S.C. § 241, and 18 U.S.C. § 245. Compl. at 7, Doc. No. 1. None of those provisions create a private cause of action. So Dunlap cannot state a valid claim under them.

6

Case 3:22-cv-00363-RJC-DCK    Document 26    Filed 08/29/23    Page 6 of 7

### III. CONCLUSION

For the reasons above, the claims against the Charlotte-Mecklenburg Police Department, the North Carolina Department of the Secretary of State, and the Office of the City Attorney must be dismissed.

**IT IS, THEREFORE, ORDERED** that the Motions to Dismiss filed by the North Carolina Department of the Secretary of State (Doc. No. 12) and the City of Charlotte (Doc. No. 21) are **GRANTED**.

Signed: August 29, 2023

Robert J. Conrad, Jr.
United States District Judge